# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ALVIN LESLIE DAVIS, JR.**, | ) |
| Petitioner, | ) |
| v. | ) CIV-06-525-FHS |
| **DAVID C. Miller,** Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Pursuant to Federal Rule of Civil Procedure 41(b) this court dismisses the above action for the Petitioner's continued failure to obey this court's orders. A brief review of the history of this case is as follows.

Petitioner, through his attorney, filed his Petition for habeas corpus relief on December 4, 2006. On December 6, 2006, this court entered an order directing the Petitioner to file within twenty days an amended petition for a writ of habeas corpus that includes all claims for habeas corpus relief. The amended petition deadline was set for December 26, 2006. On December 29, 2006, Petitioner filed a Motion for Enlargement of Time To File An Amended Petition. This motion was granted and Petitioner was given until February 22, 2007, in which to file his amended petition. Petitioner failed to file an amended petition as was ordered by the court. On March 1, 2007, this court entered another order directing Petitioner to show cause in writing within 20 days as to his failure to file a proper amended petition by February 22, 2007. Petitioner did not comply with this order. He again filed nothing with this court.

1

On May 31, 2007, this court entered another minute order again requesting the Petitioner to show cause as to why he refused to comply with this court's orders. The May 31, 2007, order specifically warned that Petitioner's case would be dismissed if he failed to comply with this show cause order. On June 11, 2007, Petitioner filed a response to the show cause order. The response was a laundry lists of excuses from Petitioner's lawyer as to why he had failed to comply with the numerous orders of this court asking him to file various pleadings. Petitioner's lawyer cited various personal reasons for his failure to obey this court's orders. In this response, Petitioner requested he be given until July 10, 2007, in which to file an amended petition. On June 13, 2007, this court granted the request and ordered the Petitioner to file his amended petition by July 10, 2007. Petitioner again failed to comply with this court's order by failing to file an amended petition as ordered by the court. Petitioner and his lawyer have blatantly continued to disregard the orders of this court.

Before imposing dismissal as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." Ehrenhaus v. Reynolds, 965 F.2d 916, 918 (10th Cir. 1992). Evaluating these five factors and the facts of this case, this court finds dismissal is appropriate.

First, the degree of actual prejudice to the Respondent is significant. Petitioner has failed to file an amended petition for habeas relief listing all claims. The court found his original

2

petition was lacking. Without this amended petition it is difficult, if not impossible, for the Respondent to know what the claims are against him. Second, the interference with the judicial process is extreme. This court cannot move forward in evaluating Petitioner's claims until he files the ordered pleadings. Third, it is difficult to determine what role the actual Petitioner has played in the delays. Fourth, in the May 31, 2007, minute order the court specifically warned the Petitioner that it would dismiss his claims if he did not comply with the court's order. The court will note Petitioner did comply with that order. However, he has failed to comply with the subsequent order. Finally, the court finds lesser sanctions would not correct the behavior of Petitioner. This court has given the Petitioner many opportunities to pursue this litigation and the Petitioner has failed to do so. "It is within the court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." Id. at 918. This court finds that under these circumstances dismissal is an appropriate remedy.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus is **DISMISSED**.

DATED this 16th day of July, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma