# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN LESLIE DAVIS, JR., | ) |
| Petitioner, | ) |
| v. | ) No. CIV-06-525-FHS-KEW |
| DAVID C. MILLER, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections and currently incarcerated at the Lawton Correctional Facility in Lawton, Oklahoma, has filed this Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in McIntosh County District Court Case Number CF-2003-085 for first degree. He sets forth the following grounds for relief:

> Petitioner's second trial violated his federal constitutional right against double jeopardy because the first mistrial was based on insufficient evidence and the trial court denied Petitioner a fundamentally fair trial when it cast aspersions on defense counsel rather than granting the state's request for a mistrial.

Respondent has submitted the following records to the court for consideration in this matter:

a. Brief of Appellant filed in the Court of Criminal Appeals for the State of Oklahoma filed July 2, 2004.

b. Brief of Appellee filed in the Court of Criminal Appeals of the State of Oklahoma filed November 1, 2004.

1

c.  Opinion from the Court of Criminal Appeals State of Oklahoma filed August 9, 2005.

d.  Petition for Rehearing in the Court of Criminal Appeals State of Oklahoma filed August 16, 2005.

e.  Order Denying Petition for Rehearing filed September 6, 2005.

f.  Various transcripts of proceedings.

## FACTS

Petitioner is confined in the Lawton Correctional Facility in Lawton, Oklahoma. The petition for habeas corpus relief is directed at the judgment and sentence of the District Court of McIntosh County, Oklahoma, in case number CF-2003-85. Mr. Davis pled not guilty and asserted his innocence to a single count of first degree malice aforethought murder. He was represented by John Butler. A jury trial was held September 8-12, 2003, but the jury deadlocked 8-4 and a mistrial was declared. A second jury trial was held almost immediately, from October 20-28, 2003. Mr. Davis was convicted and sentenced to life imprisonment without the possibility of parole. The sentence was formally imposed on December 4, 2003. A direct appeal was taken to the Oklahoma Court of Criminal Appeals for the State of Oklahoma in case number F-2003-1333. The state appellate court denied Mr. Davis' appeal on August 9, 2005. A timely Petition for rehearing was filed on August 16, 2005. On September 6, 2005, rehearing was denied. The time for seeking certiorari review in the United States Supreme Court expired on December 5, 2005, at which time Petitioners' conviction became final. Other than an appeal in this case pursued on procedural grounds, no other federal appeals have been filed.

For his first proposition of error, Petitioner argues his

trial violated his federal constitutional right against double jeopardy because the first mistrial was based on insufficient evidence. Petitioner bases this claim on a statement made by the jury foreman in which he informed the trial court the jury was deadlocked. The jury foreman sent out a note which stated "I think we need a little bit more evidence from the state." The Oklahoma Court of Criminal Appeals for the State of Oklahoma addressed this claim on direct appeal and rejected it on the merits. Petitioner fails to show the decision of the Oklahoma Court of Criminal Appeals for the State of Oklahoma was contrary to or an unreasonable application of Supreme Court law. Pursuant to 28 U.S.C. Sec. 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

First, a defendant's right to be free from double jeopardy can be waived. Ricketts v. Adamson, 483 U.S. 1, 11 (1987). In this case, the Oklahoma Court of Criminal Appeals of the State of Oklahoma determined that Petitioner waived his claims that his retrial was barred by the double jeopardy clause by his failure to properly preserve it. Under Oklahoma law, to preserve the claim that a retrial is barred by double jeopardy a defendant must file a writ of prohibition after his first trial but before his second, asking the Oklahoma Court of Criminal Appeals of the State of Oklahoma to rule on the double jeopardy issue. Dollar v. State,

3

674 P.2d 48, 50 (Okla. Crim. App. 1984). In <u>Snug Club, Inc., v. State</u>, 545 P.2d 1301, 1302 (Okla. Crim. App. 1976) the Oklahoma Court of Appeals of the State of Oklahoma found the defendant waived his double jeopardy argument where he did not object to the trial court's declaration of a mistrial and the discharge of the jury. In this case, Petitioner neither objected to the declaration of a mistrial nor the discharge of the jury. Moreover, he filed nothing prior to his second trial seeking to have the Oklahoma Court of Criminal Appeals of the State of Oklahoma rule on this claim. Thus, Petitioner waived his double jeopardy claim and the Oklahoma Court of Criminal Appeals of the State of Oklahoma's conclusion in that regard is not contrary to or an unreasonable application of <u>Ricketts</u>.

However, the court will also review the merits of this claim. The Tenth Circuit Court of Appeals has held that "whether a defendant's retrial is barred by the double jeopardy clause is a question of law we review de novo." <u>Earnest v. Dorsey</u> 87 F.3d 1123, 1128 (10th Cir. 1996). In denying Petitioner's claim, the Oklahoma Court of Criminal Appeals of the State of Oklahoma found the fact as follows:

> In Proposition I, Davis claims that his constitutional right to be free from double jeopardy was violated when the trial court declared a mistrial at the conclusion of his first trial and then allowed him to be tried a second time. Davis was first tried for the murder of Marcus Penney from September 8, 2003 through September 12, 2003, before the Honorable Steven W. Taylor. According to the record, jury deliberations began at 1:05 p.m. on September 12. At approximately 5:15 p.m. the jury sent a note to the court stating "hung jury". When the jury was returned to open court, the foreman indicated that the split was "eight-four". When the trial court asked if the foreman believed that further deliberations might be fruitful, the foreman stated: "I think we need a little bit more evidence from the State."The court inquired further whether the foreman,

4

> or any other juror, believed that further deliberations
> might possibly enable the jury to reach a unanimous
> verdict. All twelve jurors indicated they believed the
> eight to four split would remain the same regardless.
> At that point, and without an objection from either side
> the trial court declared a mistrial.
>
> Davis now asserts, for the first time, that the
> foreman's statement about needing more evidence was the
> functional equivalent of an acquittal based on
> insufficient evidence, and that the State was thereby
> prohibited from retrying Davis on the same charge.
> Davis has waived this claim by failing to properly
> preserve it. Furthermore, Davis offers no legal
> authority in support of his position, and this Court
> rejects it accordingly. The record clearly establishes
> that at the end of the first trial, at least four jurors
> believed that the State's evidence was adequate to
> convict Davis of first-degree murder. Under these
> circumstances, his retrial did not violate double
> jeopardy.

The factual findings by the Oklahoma Court of Criminal Appeals carry a presumption of correctness which is rebuttable only by clear and convincing evidence. Young v. Simmons, 486 F.3d 655, 659 (10th Cir. 2007). Petitioner has the burden to establish the facts supporting his motion for dismissal on the ground of double jeopardy. United States v. Eggert, 624 F.2d 973, 975 (10th Cir. 1980). Petitioner fails to rebut any of those facts. Petitioner's double jeopardy argument rests entirely on the jury foreman's comment regarding the need for more evidence from the state. He claims this constituted an acquittal barring retrial. The instructions given to the jury in the first case informed them that if they had a reasonable doubt of Petitioner's guilt, or if they felt the State had failed to prove each element of the crime, then they had to return a verdict of not guilty. The instructions also informed the jury that their verdict had to be unanimous, and when they agreed upon a verdict, their foreman would sign the

5

form. "A jury is presumed to follow its instructions." <u>Weeks v. Angelone,</u> 528 U.S. 225, 234 (2000). The facts reveal the jury was hopelessly deadlocked and the trial court declared a mistrial. If they all agreed there was a lack of evidence they could have voted for acquittal. Retrial was proper because, contrary to the defendant's claim, he was not acquitted as the jury was unable to reach a unanimous verdict. Petitioner fails to show the decision of the Oklahoma Court of Criminal Appeals for the State of Oklahoma is contrary to or an unreasonable application of <u>Richardson</u>. A retrial following a mistrial granted due to a hung jury does not violate the double jeopardy clause. <u>Arizona v. Washignton,</u> 434 U.S. 497, 509 (1978). Thus, this court finds the retrial of Petitioner did not violate double jeopardy.

In his second proposition of error, Petitioner alleges the trial judge denied him a fair trial when he admonished defense counsel in front of the jury instead of granting the State's request for a mistrial. The Oklahoma Court of Criminal Appeals for the State of Oklahoma addressed this claim on direct appeal and rejected it on the merits. This argument pertains to an admonishment by the trial judge in response to defense counsel's violation of a ruling on the State's motion in limine. In denying Petitioner's relief on this claim, the Oklahoma Court of Criminal Appeals of the State of Oklahoma stated "that the 'reproofs of the trial judge in this case were legitimate corrections of counsel' that the trial court acted 'in an honest effort to achieve a fair and impartial trial for both parties' and that the court's action did not prejudice defendant." In this regard, Section *28 U.S.C. Sec. 2254* (a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to

the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

In a habeas action, a federal court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991). Pursuant to 28 U.S.C. Sec. 2254 (a), the power of a federal habeas corpus court is expressly limited to violations of federal law; questions of state law are not cognizable issues. Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir. 1979). "A claimed violation of state law does not warrant habeas relief, unless it deprived the Petitioner of a fundamentally fair trial." Boyd v. Ward, 179 F.3d 904, 917 (10th Cir. 1999).

Petitioner's complaint concerns comments made concerning his defense counsel. In his opening statement, defense counsel told the jury that State's witness Manual Martin did not come forward with any information about the victim's murder "until he's sitting up there with some additional charges against him for rape or something." The State objected and requested a mistrial. A lengthy discussion ensued outside the hearing of the jury, where the parties discussed with the trial court their understanding of its rulings regarding the admissability of the evidence mentioned by defense counsel. The trial court overruled the State's request for a mistrial and instead, at defense counsel's suggestion, admonished the jury to disregard the statement regarding Martin's rape charge, and had defense counsel apologize to the jury as well. There was nothing improper in the course of action taken by the trial court.

Under both Oklahoma and federal law, limiting the scope of an opening statement rests within the discretion of the trial court. Stouffer v. State, 147 P.3d 245, 260 (Okla. Crim. App.

7

2006). Petitioner alleges that defense counsel's statements concerning Martin's rape charge during opening statements were prejudicial to him. In its opinion denying Petitioner relief on this claim, the Oklahoma Court of Criminal Appeals for the State of Oklahoma noted that the trial judge granted the State's motion in limine to prohibit defense counsel from bringing up Martin's rape charge. Defense counsel was instructed that if he had any questions about a comment to be made regarding the rape charge it was to be brought up to the court out of the presence of the jury. Nevertheless, defense counsel alluded to Martin's rape charge in opening statements in front of the jury. The trial court was clearly not happy with defense counsel's remarks and a bench conference ensued. The state asked for a mistrial and defense counsel simply suggested that he apologize to the jury and to the court for the improper references. The court denied the motion for a mistrial and allowed defense counsel to apologize for not following the court's order. The jury was instructed to disregard the comments. The trial court announced to the jury that defense counsel had made a comment to the jury that he should not have made and that such evidence was irrelevant. The trial court stated "And what concerns me most is that [defense counsel] had been instructed not to go into that. And he did anyway." Petitioner claims these remarks prejudiced him. Immediately following these remarks to the jury defense counsel noted that he had apologized to him and would soon apologize to the jury. The trial judge specifically said that the apology should not be held against the defendant or the state. Petitioner makes no attempt to defend the defense counsel's statement but merely says the trial court's response was unfairly prejudicial to him. Petitioner fails to show that the trial court's was wrong for the statements he made or that the statements actually prejudiced the defendant. Petitioner

cannot show a violation of state law and he cannot show his trial was rendered fundamentally unfair under federal law. Accordingly, the court denies Petitioner's request for habeas relief on this ground as well.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is, in all respects, **DISMISSED**.

**IT IS SO ORDERED** this 16th day of November, 2009.

Frank H. Seay
United States District Judge